**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| MARIE PUPKE, MARK PUPKE and<br>EURO INTERNATIONAL MORTGAGE INC. | ) CASE NO. 9:13-CV-80860-KLR<br>) |
|     Plaintiffs, | )<br>)<br>) |
|     vs. | )<br>) |
| TIMOTHY P. MCCABE, MCCABE &<br>SAMILJAN, LLC, CITY TITLE, INC.,<br>OLD REPUBLIC NATIONAL TITLE<br>INSURANCE CO., TIMOTHY MCCABE, PA,<br>CITY TITLE, LLC, PHIL RUFFOLO,<br>JO NAGORKA, ELIZABETH BELTRAN,<br>STEVE T. SAMILJAN, CHERYL BERRY and<br>TD BANK, N.A. ("TD Bank")<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANT TD BANK'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Plaintiff's MARIE PUPKE, MARK PUPKE, and EURO INTERNATIONAL MORTGAGE, INC., by an through undersigned counsel hereby file the within Memorandum of Law in Response to Defendant TD Bank, N.A. ("TD Bank" or the "Bank"), Civ. P. 12(b)(6) and Southern District of Florida Local Rule 7.1, Motion to Dismiss the Complaint for failure to state a cause of action, and states as follows:

**I.       HISTORY OF CASE**

Plaintiff filed the within action against multiple parties. Only Count VII is addressed to Defendant TD Bank. Count VII is before the Court pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367. Plaintiffs have alleged in Count VII that on March 29, 2012, Euro International Mortgage ("EURO") issued check number 1810 ("Check 1810") in the amount of $25,000.00, payable to City Title. Compl. ¶ 22. Check 1810 was deposited into the McCabe & Samiljan, LLC trust account at TD Bank. Id. On April 30, 2012, Euro issued check number 1836 ("Check 1836")

in the amount of $20,000.00, payable to "City Title Escrow Account." Compl. ¶ 24. Check 1836 was also deposited into the McCabe & Samiljan Trust Account at TD Bank. Id.

Defendant TD Bank has filed a Motion to Dismiss. (DE 19) TD Bank states in its motion to Dismiss that "the only reason for suing TD Bank is that two of the many checks written by Euro and deposited in the McCabe & Samiljan trust account were made payable to City Title rather than the McCabe & Samiljan Trust Account." (Motion to Dismiss at p. 3)

## I.    SUMMARY OF THE ARGUMENT

The Complaint sets forth sufficient facts to support a claims for negligence and conversion against TD Bank stemming from two checks totaling $45,000 drawn by Plaintiff Euro International Mortgage ("Euro") and made payable to Co-Defendant City Title, LLC ("City Title").  Plaintiffs have specifically alleged both theories of liability and have stated that TD Bank "converted property" and "negligence" in the count.  § 673.4201, Fla. Stat was implemented to address forgeries and not negligence as described in the complaint where the TD Bank accepted a check issued to a company with no account at that bank and made the funds available to the wrong entity. TD Bank negligently placed funds in the wrong account.

## II.    Motions to Dismiss (Fed. R. Civ. P., Rule 12(b)(6)).

Fed. R. Civ. P., Rule 8(a)(2), requires "' short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)*, citing with approval *Conley v. Gibson, 355 U.S. 41, 47 (195*7). Conley held under Rule 12 that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley,

at 46. *Twombly,* a Sherman Act case, introduced a different test:

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, at 545.

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009), (a) defined plausibility, which is clearly "above the speculative level" by saying, "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (Ibid., at 663) and (b) provided a process note:

> "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ibid., at 664.

The Eleventh Circuit in *Edwards v. Prime, 602 F.3d 1276 (11th Cir. 2010),* first, made it clear that the Court "[a]t this stage ... must and do[es] assume that any well-pleaded allegations in the ... complaint are true" (Ibid., at 1284). Second, it paraphrased the Supreme Court and sister courts:

> "Dismissal for failure to state a claim is proper if the factual allegations are not "enough to raise a right to relief above the speculative level."... "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face."... "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" Ibid. at 1293 (Citations omitted)

In considering a Motion to Dismiss under Rule 12(b)(6), it is clear that the Court is required to accept "the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White, 321 F.3d 1334 (11th Cir. 2003)*; *Baloca ex rel. Tapia v. Drummond Co., Inc., 640 F.3d 1338 (11th Cir. 2011).* Furthermore, "In ruling on a 12(b)(6) motion,

"[a] court may consider only the complaint itself and any documents referred to in the complaint which are central to the [plaintiff's] claims." *Abecassis v. Eugene M. Cummings, P.C., 2012 WL 470135 (11ᵗʰ Cir. 2012).*

The allegations of the Complaint in the instant case satisfy all these tests; therefore, the Motion to Dismiss should be denied.

## III.    Sufficiency of the Complaint.

### A.  The Complaint.

TD Bank contends that as a matter of law; that there is cause of action against TD Bank on account of the two checks in question; that the Florida UCC prohibits any common law conversion or negligence claims contained in Count VII.  Under § 673.4201, Fla. Stat., "an action for conversion of an instrument may not be brought by . . . the issuer . . . of the instrument." Accordingly they state that Euro as the "drawer" of the checks has no cause of action for conversion and that the Florida UCC also prohibits any negligence claim because such a claim would create rights, duties, or obligations on the part of TD Bank that do not exist.

It is the position of the Plaintiffs that the federal laws and regulations cited in the Complaint relating to anti-money laundering programs and detection of illegal activity create duty upon TD Bank as to the Plaintiffs. Plaintiffs state in paragraphs 139 and 140 of the complaint:

139. Banks such as the Defendant TD Bank are required by federal statute and concomitant banking regulations to have a detailed anti-money laundering program to detect fraud and illegal activity. These anti-money laundering programs must include: (a) designation of an individual or individuals responsible for managing compliance; (b) a system of policies, procedures, and internal controls to ensure ongoing compliance; (c) training for

4

CASE NO. 9:13-CV-80860-KLR

appropriate personnel; and (d) independent testing of compliance. 12 C.F.R.
§ 208.63.

140. The federal government also provides guidance establishing the minimum
standard of care banks should exercise to achieve the goal of detecting possible
illegal activity, and what actions (including reporting the activity) to take once
suspicious activity is identified.

**A. The Uniform Commercial Code's application to the transactions**

TD Bank argues that the Uniform Commercial Code ("UCC"), as adopted by Florida law

preempts common law remedy of conversion and cites *Corfan Banco Asuncion Paraguay v. Ocean*

*Bank*, 715 So 2d 967, 971 (Fla. 3d DCA 1998)  However it is submitted that the Court did not state

that preemption was an absolute.    In *Industrial Park Development Corporation v. American*

*Express Bank, FSB, No. 6:12–cv–621–Orl–36GJK.Feb. 1, 2013*. The court discussed preemption

and note that: "With respect to preemption of common law claims, the Corfan court  "…clearly

indicates that common law causes of action may be preempted by UCC remedies, this case does

indicate, as Plaintiff argues, that the transactions at issue are not covered by the UCC."  It is

submitted that the acceptance of the two checks by TD bank should not enjoy UCC protection

where they negligently accepted on two separate occasions checks written by Euro and deposited

in the McCabe & Samiljan trust account were made payable to City Title rather than the McCabe

& Samiljan trust account. It is submitted that the UCC section cited was designed to deal with

forgeries and not negligence of bank employees.

**B. Plaintiff has stated a cause of action for conversion**

In *Industrial Park* the Court considered Plaintiff's common law cause of action. TD Bank

in anticipation of such a ruling, asserts that the common law causes of action are not permitted as

F.S.673.4201(1) explicitly prohibits issuers of checks from bringing an action for conversion. TD

5

CASE NO. 9:13-CV-80860-KLR

Bank cited _Cheese & Grill Restaurant, Inc. v. Wachovia Bank_, 970 So.2d 372, 375 (Fla. 3d DCA 2007) in support of its position. The note that the court stated "The drawer or maker of a check, has no right of direct action against banks, other than drawee bank, which honor a check on a forged or unauthorized endorsement." The claim against TD Bank is that they accepted a check made payable to City Title for deposit into an account of McCabe & Samiljan, PA. It is submitted that the Plaintiff would have no knowledge as to the bank or banks where McCabe & Samiljan and City Title maintained its respective trust and escrow accounts. Clearly TD Bank was negligent in accepting the check and depositing it into the City Tile account. The suggestion that the Plaintiffs/drawer "…has an adequate remedy against the payor bank for recredit of the drawer's account for unauthorized payment of the check" is not viable under the instant fact pattern.

In _Goodwin v. Alexatos_, 584 So.2d 1007, 1011 (Fla. 5th DCA 1991) an attorney wrongfully retained escrow funds and disbursed other funds incorrectly. The court found that a claim for conversion was proper and stated in relevant part:

> Conversion is an act of dominion wrongfully asserted over, and inconsistent with, another's possessory rights in personal property. _Williams Management Enter, Inc. v. Buonauro_, 489 So.2d 160 (Fla. 5th DCA 1986). A cause of action for conversion lies where it is alleged that a lawyer wrongfully retained in his trust account money belonging to his client. _Restivo v. Anderson & Anderson, P.A._, 453 So.2d 1167 (Fla. 4th DCA 1984), rev. denied, 461 So.2d 113 (Fla.1985). A conversion action is also available as a remedy where money is wrongfully withdrawn from a bank account. _Allen v. Gordon, 429 So.2d 369 (Fla. 1st DCA 1983)_. In the instant case, Goodwin stated a cause of action by alleging that the attorney wrongfully retained some escrow funds and that he disbursed other escrow funds contrary to the oral escrow agreement. Goodwin also stated a cause of action against Alexatos in alleging that some of the allegedly wrongfully disbursed funds were disbursed to Alexatos. The recipient of converted property is liable to the rightful owner in an action for conversion. See _Wilson Cypress Co. v. Logan_, 120 Fla. 124, 162 So. 489 (1935).

Therefore, TD Bank as the recipient of the converted property is liable to the Plaintiffs herein as the rightful owner. TD Bank negligently accepted two checks and made to funds available to a company to whom the checks were not issued. It strains credulity to suggest the Plaintiffs cause of

CASE NO. 9:13-CV-80860-KLR

action should be against their own bank under this fact pattern. It is submitted that the acceptance of the two checks by on two separate occasions that TD Bank should not enjoy UCC protection for its own negligence.

**IV.     CONCLUSION**

WHEREFORE, Plaintiffs respectfully requests that Your Honorable Court enter an order denying Defendant TD Bank's Motion to Dismiss Count VII of Plaintiffs' Complaint with prejudice.

Respectfully submitted,

_____
ROBERT A. SELIG
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served *via* CM/ECF on November 15, 2013 on all counsel or parties of record on the attached Service List.

By: _____
Robert A. Selig, Esq.
E-Mail: raselig@boonedavis.com
Boone & Davis
2311 N. Andrews Avenue
Ft. Lauderdale, FL 33311
Tel: (954) 566-9919
Fax: (954) 566-2680
Counsel for Plaintiffs

7

CASE NO. 9:13-CV-80860-KLR

**SERVICE LIST**
*Marie Pupke, et al. vs. Timothy McCabe, et al.*
Case No. 9:13-CV-80860-RYSKAMP/HOPKINS
United States District Court, Southern District of Florida

Marcos Daniel Jimenez, Esq.
E-Mail: mjimenez@mwe.com
Kevin E. Gaunt, Esq.
E-Mail: kgaunt@mwe.com
McDermott Will & Emery LLP
333 Avenue of the Americas
Suite 4500
Miami, Florida 33131
Tel: (305) 358-3500
Fax: (305) 347-6500
Counsel for Defendant TD Bank


Larry M. Mesches, Esq.
E-Mail: Lmesches@kmjlawgroup.com
Klett, Mesches & Johnson, P.L.
2855 PGA Blvd., Suite 100
Palm Beach Gardens, FL 33410
Tel: (561) 624-8202
Fax: (561) 624-8303


Mario M. Ruiz, Esq.
E-Mail: mmr@cohenruiz.com
COHEN RUIZ, PA
201 S. Biscayne Boulevard, Suite 850
Miami, Florida 33131-2310
Telephone: (305) 702-3000
Facsimile: (305) 702-3030
Cynthia Morales, Esq.
cm@cohenruiz.com
Attorneys for Defendant, Old Republic