UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:13-80860-CIV-RYSKAMP\HOPKINS

MARIE PUPKE, MARK PUPKE and
EURO INTERNATIONAL MORTGAGE, INC.

      Plaintiffs,

vs

TIMOTHY P. McCABE, McCABE & SAMILJAN,
LLC, CITY TITLE, INC., OLD REPUBLIC
NATIONAL TITLE INSURANCE CO., TIMOTHY
McCABE, P. A., CITY TITLE, LLC, PHILLIP J.
RUFFOLO, EVIE JO NAGORKA, ELIZABETH
BELTRAN, STEVE J. SAMILJAN, CHERYL BERRY,
and TD BANK, N.A.

      Defendants.

_____/

**PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE
PURSUANT TO RULE 41(A)(2) WITH SUPPORTING MEMORANDUM OF LAW**

Plaintiff, MARIE PUPKE, MARK PUPKE and EURO INTERNATIONAL MORTGAGE, INC. (hereinafter "Plaintiffs"), by and through undersigned counsel, respectfully requests this Court to dismiss this cause against the Defendants, Timothy P. Mccabe, Mccabe & Samiljan, LLC, City Title, Inc., Timothy Mccabe, P. A., City Title, Llc, Phillip J. Ruffolo, Evie Jo Nagorka, Elizabeth Beltran, Steve J. Samiljan, and Cheryl Berry (hereinafter "DEFENDANTS"), without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and in support thereof states the following:

1.      Plaintiffs filed a complaint on August 27, 2013 against TIMOTHY P. McCABE, McCABE & SAMILJAN, LLC, CITY TITLE, INC., OLD REPUBLIC NATIONAL TITLE INSURANCE CO., TIMOTHY McCABE, P. A., CITY TITLE, LLC, PHILLIP J. RUFFOLO,

CASE NO. 9:13-CV-80860-KLR

EVIE JO NAGORKA, ELIZABETH BELTRAN, STEVE J. SAMILJAN, CHERYL BERRY, and

TD BANK, N.A. containing Federal and State Court Claims.  [DE 1]

2.      Defendants OLD REPUBLIC NATIONAL TITLE INSURANCE CO., CHERYL

BERRY, and TD BANK, N.A. filed Motions to Dismiss. [DE 18, 19, 30]

3.      Orders were entered on January 27, 2014 [DE 37] as to Defendant Old Republic;

and on January 31, 2014 as to T. D. Bank [DE 39] and Cheryl Berry [DE 40] granting the Motions

to Dismiss for Failing to State a claim.  The Dismissals as to Old Republic and T. D. Bank were

with prejudice.

4.      In the complaint, Plaintiffs alleged that this Court had supplemental jurisdiction

over any and all state law claims pursuant to 28 U.S.C. § 1367.

5.      Based upon the opinions of the court and the aforementioned Orders, the claims

remaining with respect to the remaining parties are state court causes of action.

6.      As of this date, only defendant Timothy P. McCabe has filed an answer pro se to

the complaint. [DE 33]

7.      Moreover the Plaintiffs in good faith must move for leave to amend their Complaint

against the remaining Defendants.

## MEMORANDUM OF LAW IN SUPPORT

Federal Rule 41 governs the ability of a Plaintiff to dismiss an action voluntarily and

without prejudice. *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).

Once an answer or a summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff

to dismiss voluntarily an action "only by court order, on terms that the court considers proper."

Fed. R. Civ. P. 41(a)(2). Specifically Rule 41 provides in relevant part:

 (a) Voluntary Dismissal.

*(1) By the Plaintiff*

*(2) By Court Order; Effect*. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only be court order, on terms that the court considers proper. If a defendants has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. 41(a)(2)(emphasis added).

While the Court enjoys broad discretion in determining whether to allow Rule 41(a)(2) dismissals, a voluntary dismissal without prejudice should be granted "unless the Defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Potenberg, 252 F.3d at 1255* (quoting *McCants v. Ford Motor Co., Inc., 781 F.2d 855,857 (11th Cir. 1986)*) (emphasis added). As the Eleventh Circuit explained:

The crucial question to be determined is, would the defendant lose any substantial right by the dismissal? In exercising its broad discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case imposing such costs and attaching such conditions to the dismissal as deemed appropriate. Id. at 1255-56 (citations and quotations omitted).

Significantly, granting a voluntary dismissal without prejudice will not cause the remaining defendants to suffer any legal prejudice, and Eleventh Circuit law is clear that: "[i]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice ...." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting *McCants v.*

CASE NO. 9:13-CV-80860-KLR

*Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986)).[3] To be sure, a few other circuits may be viewed as applying Rule 41(a)(2) somewhat more restrictively. *See, e.g.*, *Pace v. S. Express Co.*, 409 F.2d 331, 334-35 (7th Cir. 1969).[4] In contrast, this Circuit and its Fifth Circuit predecessor long and consistently have " 'followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice ....' " *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967) (reversing denial of request for dismissal without prejudice made when case was called for trial, with jury venire already assembled) (quoting 2 Barren and Holtzoff, *Federal Practice and Procedure* § 912); *Pontenberg*, 252 F.3d at 1255; *Thomason v. Nat'l Crane Corp.*, No. 1:05-CV-02355, 2006 U.S. Dist. Lexis 62553 at *7-9 (N.D. Ga. Sept. 1, 2006) (dismissal without prejudice granted after plaintiff submitted untimely expert report which defendants had moved to strike) (Ex. B). As Wright and Miller have noted:

> [C]ourts have generally followed the traditional principle that dismissal [without prejudice] should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is not a bar to a court-granted dismissal under Rule 41(a)(2) that the plaintiff may obtain some tactical advantage thereby. 9 Wright & Miller, *Federal Practice and Procedure* § 2364.

Here, defendants will suffer no such legal prejudice. Plainly, the fact that plaintiff contemplates filing a lawsuit under state law in state court addressing much of the conduct addressed in the current federal action does not constitute legal prejudice. Indeed, all of the cases cited above have held specifically that such prejudice must involve something "other than the mere prospect of a subsequent lawsuit." *E.g.*, *Pontenberg*, 252 F.3d at 1255. Likewise, even though plaintiff seeks no tactical advantage, the existence of such an advantage would be "no bar to a voluntary dismissal..." *McCants*, 781 F.2d at 857. Thus, it has been uniformly held that "the prejudice of possibly being

4

CASE NO. 9:13-CV-80860-KLR

subject to a second lawsuit and Plaintiffs' opportunity to possibly gain a tactical advantage over Defendant are not . . . substantial prejudice . . ." *Cutler v. La Crepe Rest.*, No. 03-14382, 2004 U.S. Dist. LEXIS 3517, *2-3 (S.D. Fla. Feb. 18, 2004) (Ex. C).

The heavy burden defendants must sustain in establishing the level of legal prejudice necessary to deny of a motion to dismiss without prejudice is demonstrated by the circumstances courts have found to be an insufficient basis to deny a motion for voluntary dismissal without prejudice. *Durham*, 385 F.2d at 367 (dismissal on the eve of trial insufficient to deny motion); *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974) (dismissal after close of discovery and denial of continuance insufficient to deny motion); *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (loss of favorable decision on choice of law insufficient to deny motion); *McCants*, 781 F.2d at 857 (loss of statute of limitations defense insufficient to deny motion). In fact, one recent Eleventh Circuit case strongly suggests that the evidence of the kind of substantial prejudice necessary to justify denial of a motion for voluntary dismissal without prejudice under Rule 41(a)(2) is evidence which is tantamount to a showing of bad faith. *Pontenberg*, 252 F.3d at 1257 ("significant that there was no evidence of bad faith . . ."). There is no basis even to suggest that bad faith is present in this case.[5]

In the absence of substantial prejudice as described in the case law cited above, it may be anticipated that defendants will fall back on attacking plaintiff's motives for seeking dismissal. Although a plaintiff's reasons for seeking to dismiss without prejudice have been considered not to be germane in evaluating a Rule 41(a)(2) motion, as discussed above Plaintiffs have good and sufficient reasons for seeking a voluntary dismissal without prejudice. Likewise, it should be clear that plaintiff has no interest in unnecessary delay. Plaintiff have always sought an expeditious resolution of this dispute.

5

CASE NO. 9:13-CV-80860-KLR

It is submitted that dismissal without prejudice in the instant matter will not result in a loss of a substantial right to any of the remaining parties. Furthermore, the primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit imposition of curative conditions. See *McCants*, 781 F.2d at 857 citing *Alamance Industries, Inc. v. Filene's 291 F.2d 142, 146 (1st Cir. 1961); Klar v. Firestone Tire & Rubber Co., 14 F.R.D. 176 (S.D.N.Y. 1953)("Fed. R. Civ. P. rule 41(a)(2)* was adopted to put an end to such abusive practices whereby defendants were put to expense by plaintiffs who had no real object in mind other than such harassment."). Plaintiffs have not engaged in vexatious litigation and are not attempting to re-file the case in state court in bad faith. Therefore, Plaintiff respectfully requests a dismissal without prejudice for the purpose of refiling this action against Defendants, Timothy P. Mccabe, Mccabe & Samiljan, LLC, City Title, Inc., Timothy Mccabe, P. A., City Title, LLL, Phillip J. Ruffolo, Evie Jo Nagorka, Elizabeth Beltran, Steve J. Samiljan, and Cheryl Berry in state court.

**CONCLUSION**

The Plaintiffs respectfully requests this Court to dismiss, <u>without prejudice</u> the causes of action alleged against Defendants, Timothy P. Mccabe, Mccabe & Samiljan, LLC, City Title, Inc., Timothy Mccabe, P. A., City Title, Llc, Phillip J. Ruffolo, Evie Jo Nagorka, Elizabeth Beltran, Steve J. Samiljan, and Cheryl Berry pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Defendants will suffer a loss of no substantial rights with a dismissal without prejudice.

WHEREFORE, the Plaintiffs MARIE PUPKE, MARK PUPKE and EURO INTERNATIONAL MORTGAGE, INC. moves this Honorable Court to grant this Motion for Voluntary Dismissal.

CASE NO. 9:13-CV-80860-KLR

I hereby certify that a true and correct copy of the foregoing was served *via CM/ECF on*

January 31, 2014 on all counsel or parties of record on the attached Service List.

By: _____
Robert A. Selig, Esq.
E-Mail: raselig@boonedavis.com
raselig@bellsouth.net
Boone & Davis, P.A.
2311 N. Andrews Avenue
Ft. Lauderdale, FL 33311
Tel: (954) 566-9919
Fax: (954) 566-2680
Counsel for Plaintiffs

## SERVICE LIST
*Marie Pupke, et al. vs. Timothy McCabe, et al.*
Case No. 9:13-CV-80860-RYSKAMP/HOPKINS
United States District Court, Southern District of Florida

Phillip Ruffolo (pro se)
233 8th Street,
West Palm Beach, Florida 33407

Timothy McCabe, (pro se)
#228909
St. Lucie County Jail
900 Rock Road
Ft. Pierce, FL 34945

Larry M. Mesches, Esq.
E-Mail: Lmesches@kmjlawgroup.com
Klett, Mesches & Johnson, P.L.
2855 PGA Blvd., Suite 100
Palm Beach Gardens, FL 33410
Tel: (561) 624-8202
Fax: (561) 624-8303